IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MAURICE VAUGHN**, *et al.*, | : | |
| Plaintiff, | : | Civil Action 2:09-cv-0097 |
| v. | : | Judge Algenon L. Marbley |
| **RA SHONDA KAY MARSHALL**, | : | Magistrate Judge E.A. Preston Deavers |
| Defendant. | : | |

## ORDER

This matter came before the Court for a status conference on December 29, 2010. Defendant/Counter Plaintiff Ra Shonda Kay Marshall ("Defendant") did not appear or otherwise respond to the Court's notice of the status conference. Plaintiffs/Counter Defendants Maurice S. Vaughn and Mo Vaughn Investments LLC ("Plaintifs"), through their legal counsel, appeared and participated in the conference.

As set forth in the Court's December 17, 2010 Order, an arbitrator rendered a decision in favor of the Plaintiffs on August 26, 2010. He granted the Plaintiffs an award of $3,504,044, held that the parties were to bear the costs of the arbitration equally, and ordered Defendant RKM to reimburse Plaintiffs $11,250 for its half of the costs. The arbitrator also ordered the Defendant to pay the total amount of $3,515,294 to the Plaintiffs by September 26, 2010. Defendant has not forwarded payment.[1]

At this point, Defendant is proceeding without counsel. The record reflects that an acknowledgment of service was executed of the Court's notice of the status conference by an

---

[1] Plaintiffs also filed a related case against RKM to enforce the arbitration award. See Case No. 2:10-mc-0034.

individual at Defendant's address on the Court's docket who does not appear to be Defendant. The Court admonishes Defendant that a party to a legal proceeding, even if she is proceeding without counsel, has an obligation to be diligent in prosecuting here case, which requires that she to regularly check the docket and to apprise the Court of any changes in her contact information. *See e.g., Barber v. Runon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (noting that the plaintiff "had an affirmative duty to supply the court with notice of any and all changes in her address"); *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (same); *Torrance v. Aspirecard.Com, Inc.*, No. 1:09-cv-645, 2010 WL 3782167, at *1, (S.D. Ohio Sept. 28, 2010) (citations omitted) (finding that the pro se litigant's failure to keep the Court apprised of his current address demonstrated a lack of prosecution of his action); *Pruitt v. Ohio*, No. 1:10-cv-313, 2010 WL 2620804, at *1 (S.D. Ohio June 25, 2010) (citations omitted) (holding that a litigant's "failure to keep the Court apprised of his current address does not excuse an untimely filing").

     The Court cautions Defendant that her failure to prosecute this action or obey court orders, including notices to appear, could result in the entry of default or judgment against her on Plaintiffs' claims against her, as well as dismissal of her own claims against Plaintiff. At this juncture, Defendant Ra Shonda Kay Marshall shall **SHOW CAUSE WITHIN THIRTY (30) DAYS** why her Counterclaim for false light and damage to reputation against Plaintiffs should not be dismissed for failure to prosecute. Further, Defendants shall be permitted to file a **MOTION FOR SUMMARY JUDGMENT** as to all claims in this case on or before **MARCH 15, 2011**. Again, if Plaintiff does not respond to this Order or the Plaintiffs' anticipated summary judgment, her claim could be dismissed and judgment could be entered against her.

**IT IS SO ORDERED.**

**DATE:** **January 3, 2011**  */s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**